UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20-cv-00087-FDW
(E.D.N.C. Criminal Case No. 5:06-CR-160)

| | |
|---|---|
| BOBBY LEE RAWLINGS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **MEMORANDUM OF** |
| ) | **DECISION AND ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** is before the Court on Petitioner's Pro Se "Habeas Corpus Petition (under) Motion 28 U.S.C. § 2241" [CV Doc. 1],[1] Petitioner's "Petition for Adjunct to the Motion 28 U.S.C. § 2241" [CV Doc. 9], which the Court construes as a motion to amend, and the Government's Motion to Dismiss [Doc. 10].

**I.    BACKGROUND**

In December 2005, a law enforcement officer stopped Petitioner Bobbie Lee Rawlings ("Rawlings") for speeding. [See CV Doc.1 at 6]. When the officer approached Petitioner, he smelled the odor of burnt marijuana coming from an open window in Petitioner's car. United States v. Rawlings, 359 Fed. App'x 410, 412 (4th Cir. 2010). The officer found cocaine on Petitioner's person and a loaded gun in his car. Id. at 412-13.

In March 2006, officers from the Goldsboro Police Department and the Drug Enforcement Agency executed a search warrant at Petitioner's residence. State v. Rawlings, 762 S.E.2d 909,

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 1:20-cv-00087-FDW, or the letters "CR," denoting that the document is listed on the docket in the Eastern District criminal case file number 5:06-cr-160.

911-12 (N.C. Ct. App. 2014). While the warrant was being executed, Petitioner shot one of the officers in the chest. Id. at 912. The officer was wearing a bulletproof vest and sustained only superficial injuries. [PSR at ¶¶ 12, 15]. Petitioner was arrested. Officers found 15 grams of cocaine and $493 on Petitioner's person. [PSR at ¶ 13]. In addition to the firearm that Petitioner fired, officers found another firearm, marijuana, and drug paraphernalia in his house. [Id.].

Petitioner was charged by a federal grand jury in the Eastern District of North Carolina with three counts related to the December 2005 traffic stop (being a felon-in-possession of a firearm, possession with intent to distribute cocaine, and use of a firearm in furtherance of a drug trafficking offense) and two counts related to the March 2006 search of his house (possession with intent to distribute cocaine and use of a firearm during and in relation to a drug trafficking offense). [CR Doc. 27: Second Superseding Indictment].

Petitioner pleaded guilty straight up to being a felon-in-possession of a firearm. [CR Doc. 115]. At his plea hearing, he affirmed that he was, in fact, guilty of this charge and that no one had coerced or forced him to plead guilty and that he was doing so voluntarily. [Id. at 8-9]. Petitioner proceeded to trial on the remaining four counts and the jury convicted him on all four. [CR Doc. 71]. The Court sentenced Petitioner to a term of imprisonment of 120 months on the felon-in-possession count, terms of imprisonment of 188 months on the two drug trafficking counts to be served concurrently with each other and to the felon-in-possession sentence, and a 60-month consecutive sentence and a 300-month consecutive sentence on the two § 924(c) charges. [CR Doc. 98].

The state also brought charges against Petitioner related to the March 2006 search of his residence. In July 2006, a state grand jury charged Petitioner with attempted first-degree murder, assault with a deadly weapon with intent to kill inflicting serious injury, two counts of assault with

a firearm on a law enforcement officer, and assault with a deadly weapon with intent to kill. [CR Doc. 153-4]. On January 12, 2009, Petitioner pleaded guilty to assault with a deadly weapon with intent to kill inflicting serious injury and assault with a deadly weapon with intent to kill. [CR Doc. 153-8]. In exchange for Petitioner's guilty plea, the state agreed to dismiss the remaining charges and agreed that Petitioner would be sentenced to a term of imprisonment of 133 to 169 months, to run concurrently with the federal sentence that had already been imposed. [Id. at 4].

Petitioner appealed his federal convictions, arguing that the Court erred in denying his motion to suppress the evidence obtained during the December 2005 traffic stop and that the evidence was insufficient to support his convictions. United States v. Rawlings, 359 Fed. App'x 410 (4th Cir. 2010). The Fourth Circuit affirmed Petitioner's convictions. Id. It held that the officer who stopped Petitioner had probable cause to search Petitioner's car because the officer smelled marijuana emanating from the vehicle. Id. at 412. "Moreover, the search of [Petitioner's] car qualified as a constitutionally permissible search incident to a lawful arrest because the officer's discovery of cocaine on [Petitioner's] person was the basis for his arrest and gave the officer reason to believe that the vehicle contained further evidence of the offense for which [Petitioner] was arrested." Id. (citing Arizona v. Gant, 129 S. Ct. 1710, 1723 (2009)). The Fourth Circuit also held that there was sufficient evidence to support Petitioner's convictions. Id. at 412-13.

On February 11, 2009, before this appeal was decided, Petitioner filed a motion for relief under 28 U.S.C. § 2255, which the District Court dismissed as premature. [CR Docs. 121, 130]. On June 27, 2011, Petitioner filed a second § 2255 motion, which the District Court dismissed as time barred. [CR Docs. 141, 149]. On January 3, 2012, the Eastern District granted a motion for appropriate relief and amended its original judgment to recommend to the Bureau of Prisons that

it place Petitioner in custody of the North Carolina Department of Corrections. [CR Doc. 158]. This order was intended to allow Petitioner to serve his federal sentence and state sentences concurrently, despite that the state had primary jurisdiction over Petitioner. [See CR Doc. 153].

In April 2012, the state court granted a motion for appropriate relief and vacated Petitioner's state convictions because Petitioner was "not receiving the full benefit of the plea agreement he entered in the above-captioned matters" and "the State does not have lawful authority to give [Petitioner] the full benefit of his plea agreement." [CV Doc. 1-1 at 29-30]. Petitioner proceeded to trial and was convicted by a jury. State v. Rawlings, 762 S.E.2d 909, 912-13 (N.C. Ct. App. 2014). The state court sentenced him to a term of imprisonment of 251 to 311 months. Id. at 913.

In 2015, Petitioner filed another § 2255 motion seeking relief from his federal convictions, arguing that he was actually innocent of being a felon-in-possession of a firearm. [CR Doc. 182]. The District Court dismissed this motion without prejudice for Petitioner's failure to obtain authorization from the Fourth Circuit to file a successive § 2255 motion. [CR Doc. 184].

On November 7, 2019, Petitioner filed the instant § 2241 petition. [CV Doc. 1]. He asserts that his 2007 guilty plea to being a felon-in-possession of a firearm was involuntary because the district court erred in denying his motion to suppress and that he received ineffective assistance of counsel because his attorney allowed him to plead guilty to the firearm charge. [Id.]. On April 7, 2020, the Eastern District transferred the action to this Court because Petitioner is incarcerated at Avery Mitchell Correctional Institution, which is located in the Western District. [CV Doc. 6]. The Court ordered the Government to respond to Petitioner's petition. [CV Doc. 8]. Petitioner has also moved to amend his petition. [See CV Doc. 9]. The Government moved to dismiss the petition for lack of jurisdiction. [CV Doc. 10]. The Court entered an order pursuant to Roseboro

4

v. Garrison, 528 F.2d 309 (4th Cir. 1975), and advised Petitioner that he had 14 days to respond to the Government's motion to dismiss. [CV Doc. 11]. Petitioner timely responded [Doc. 12] and, thereafter, filed an "Addendum" to his response [Doc. 13].

This matter is now ripe for adjudication.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Section 2255 is generally the proper means of collaterally attacking the validity of a federal conviction or sentence. In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

By contrast, § 2241 is a means of attacking the way a sentence is executed. Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000). The Fourth Circuit recognized in In re Jones, 226 F.3d 328 (4th Cir. 2000), however, that where § 2255 is inadequate or ineffective to test the legal validity of a petitioner's conviction, the "savings clause" § 2255(e) permits a petitioner to seek relief under § 2241. In re Jones, 226 F.3d at 333. To show § 2255 is inadequate, a petitioner must

5

establish that: (1) at the time he was convicted, the legality of his conviction was established by settled circuit or Supreme Court law; (2) after the petitioner's direct appeal and first § 2255 motion, "the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal;" and (3) the new rule is not a rule of constitutional law such that the petitioner could proceed under the gatekeeping provisions of § 2255. Id. at 333-34.

"It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision" or is procedurally barred from filing a § 2255 motion. In re Jones, 226 F.3d at 333; Vial, 115 F.3d at 1194 n.5. A district court must dismiss a petitioner's challenge to the validity of his conviction under § 2241 that does not fall within the scope of the savings clause for lack of jurisdiction. Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010).

Here, Petitioner argues that his attorney should not have allowed him to plead guilty to the firearm charge related to the December 2005 traffic stop because the search of his car was unconstitutional and this prejudiced him relative to the charges related to the March 2006 search of his home and the state charges for his shooting the officer. Petitioner is not entitled to proceed under the savings clause because he cannot satisfy the second or third prong. Under the second prong, Petitioner must show that, after his first § 2255 motion, the substantive law changed such that his conduct is no longer deemed criminal. See Jones, 226 F.3d at 333-34. Petitioner's conduct, possession of a firearm by a convicted felon, remains criminal. See 18 U.S.C. § 922(g). Furthermore, Petitioner raised the issue of the constitutionality of the search of his car on direct review and the Fourth Circuit rejected it. Rawlings, 359 Fed. App'x at 411-12. He cannot relitigate that issue now. United States v. Walker, 299 Fed. App'x 273, 276 (4th Cir. 2008)

("Absent a change in the law, a prisoner cannot relitigate in collateral proceedings an issue rejected on direct appeal.").

Petitioner also fails to satisfy the third prong of the savings clause. Namely, he has not shown that he is relying on a new rule that is statutory, not constitutional. Instead, Petitioner relies on New York v. Belton, 453 U.S. 454 (1981), and Arizona v. Gant, 556 U.S. 332 (2009), to argue the unconstitutionality of the search of his car. These decisions are neither new nor statutory and were available before Petitioner's conviction became final. Further, these decisions do not establish Petitioner's actual innocence of criminal conduct. Additionally, his claims of ineffective assistance of counsel do not rely on any qualifying new law that shows his conduct is no longer criminal.

Because Petitioner cannot meet the savings clause requirements of § 2255(e), this Court lacks jurisdiction over his § 2241 petition and must dismiss it. The Court will, therefore, grant the Government's motion to dismiss. Further, because the Court lacks jurisdiction, it will deny Petitioner's motion to amend as moot.

**IT IS THEREFORE ORDERED** that:

1. Petitioner's motion for relief under 28 U.S.C. § 2241 [Doc. 1] is **DENIED** and **DISMISSED**.

2. The Government's Motion to Dismiss [Doc. 10] is **GRANTED**.

3. Petitioner's motion to amend [Doc. 9] is **DENIED** as moot.

4. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable

jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: July 21, 2020

Frank D. Whitney
United States District Judge